The court however was of opinion, that the verdict was too uncertain for any judgment to be entered on it. For which reason, it was set aside; and the following decree was entered on the order book:
“ The court having maturely considered the transcript of the record, and the arguments of counsel on both sides, are of opinion that the said decree is erroneous: Therefore, it is considered, by the court, that the same be reversed and annulled; and that the appellee pay unto the appellant his costs by him expended in prosecuting his appeal aforesaid here. And it is further ordered, that the jurors’ verdict, in this cause, be set aside, and the cause sent back to the said court of admiralty for a new trial to be had therein.”
A new trial was accordingly had in the court of admiralty; when the jury found a-special verdict in these words : “ We of the jury find that the sloop Philadelphia Packet in the libel mentioned, arrived at the port of Norfolk, from Philadelphia, on the fourth of May, 1786; and that Lemuel Towle, the master, made a report of the vessel and cargo, with the naval officer at port Norfolk, and delivered him a manifest of the said cargo, as required by law, within forty-eight *525 hours after her arrival. That Robert Richards, the owner of the said sloop, offered to give security for the payment of the duties on such part of the cargo as should belong to persons who were not present to pay the same, he not having the invoices thereof, which the naval officer refused to accept and admit him to an entry on that general bond, and ordered the master of the said sloop to get ready certain goods, as marked on the manifest, in order to their being deposited as a security for the payment of the duties thereon. That Francis Allison and William Dunavan, who were passengers in the said sloop, and owners of part of the cargo, paid down the duties for their part, amounting to four pounds nineteen shillings and six pence. That James Heron, another owner of part of the cargo, attended at the naval office three several times and proposed to pay the duties on such part of the cargo as belonged to him, which was refused by the officer, until the goods intended to be deposited, should be first laid on shore. That Lemuel Towle did land, on the end of the county wharf at which he lay, some of the goods which belonged to the said James Heron, between the hours of one and three o’clock of the same day; and that the same were afterwards removed from thence to Heron’s store, without the knowledge of, and contrary to the directions of, the naval officer, he not having granted a permit for the same : and that there was no entry made of the said cargo and vessel, either before or since. If the law be for the appellants, we of the jury find for them a forfeiture of the vessel with her rigging, apparel and furniture, and the whole cargo, (except 15 casks, 4 boxes, 1 small bundle, 12 chairs, 9 barrels, 30 reams of paper, 22 small kegs, 1 ton of iron, and 2 boxes, marked in the manifest E. Allison; and also, 1 trunk, marked W. D. No. 1, part of the said cargo, which we find for the respondent,) but if the law'be for the respondent, then we find for him.” Upon this verdict, the court gave judgment for the respondents, and dismissed the libel; but ordered them to pay the costs, as there was probable cause for seizure. Whereupon Tabb appealed to this court.
*526 The former record not having been copied into this, the transcript filed in this court was now read, and considered by the court as part of the present record.
For Tabb, the appellant at this time, it was argued, that the goods ought not to have been removed without a permit; and whether it was done with, or without, the consent of the master, (which the verdict does not find,) was unimportant, as, in either case, the law was violated. That if it was done with-the approbation of the master, he was a participator in the wrong; and if by Heron without it, he was a trespasser indeed, but that would not excuse the master and owner, whose redress would be against him.
On the other side it was contended, that there was nothing illegal in the transaction. That the master was ordered to land the goods by the public officer, and did so in compliance with the order, which so far clearly excused him : and if Heron afterwards removed them without authority, he was not to blame, as he was not liable for the unlicensed acts of others, after the goods were landed agreeable to the officer’s instructions. That it was the fault of the naval officer that the duties had not been received ; for Heron had offered, three times, to pay them, but was refused by the officer contrary to his duty; and there was no reason now to doubt, that he was still ready to pay them ; or if not, that they might be retained out of the other funds.
The court decided, that the law, upon this verdict, was for- the appellee; and the following was the entry made on the order book: “ The court, having maturely considered the transcript of the record, and the arguments of the counsel on both sides, are of opinion that the said sentence is erroneous in this, that the tonnage for the sloop, and duties for the cargo, were not reserved out of the money directed to be restored : Therefore, it is decreed and ordered, that the said sentence be reversed and annulled, and that the ap *527 pellee pay to the appellant his costs by him expended in the prosecution of his appeal aforesaid here. And the court proceeding to give such sentencé as the said court of admiralty ought to have given, do decree and order, that the libel be dismissed, and the whole costs of both trials in the court of admiralty, amounting to one hundred and thirty-four pounds eleven shillings and three pence, be borne by the appellee, and retained out of the sum of seven hundred and ninety seven pounds four shillings and five pence three farthings, the amount of the sales of the sloop and cargo, the court being of opinion that theré was probable cause of seizure ; and that the marshal restore, to the respective owners, the residue of the said sales, reserving thereout the tonnage for the sloop and duties on the goods, or such of either as shall not appear to have been already paid ; which are to be accounted for, and paid, to the naval officer at Norfolk, for the use of the commonwealth.”